IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JULIA DESOGUGUA, on behalf of herself and others similarly situated,<br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., d/b/a<br>WELLS FARGO HOME MORTGAGE,<br><br>    Defendants. | Civil Action No. 1:11CV188 (LO-JFA) |

## WELLS FARGO'S PROPOSED INITIAL DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel of record for Defendant Wells Fargo Bank N.A. d/b/a Wells Fargo Home Mortgage ("Wells Fargo" or "Defendant") submits this Proposed Initial Discovery Plan.

**1.    Discovery Deadlines**

As a threshold matter, discovery is not appropriate in this action until the Court rules on Wells Fargo's motion to dismiss, which has been fully briefed and is set for argument before the Court on September 9, 2011.  If the Court grants the motion to dismiss in full, all of the Plaintiff's claims will be resolved and discovery will be unnecessary. If Wells Fargo's motion to dismiss is denied, a short delay in the commencement of discovery will not prejudice either party given that the hearing on Wells Fargo's motion to dismiss is scheduled approximately two weeks from now. However, if the motion to dismiss is granted, there will be no discovery, which will save all the parties time and money. Additionally, if the motion to dismiss is granted, the Wells Fargo should not have to provide information to the Plaintiff she would otherwise not be entitled to.

If this action survives Wells Fargo's motion to dismiss, Wells Fargo anticipates that this matter will present unique scheduling requirements because of its status as an alleged class action involving a putative nationwide class. Wells Fargo requests that discovery be conducted in phases in order to first resolve class certification issues.

Initial discovery should be limited to discovery about Plaintiff's individual claims and the class action requirements of Fed. R. Civ. P. 23 ("Phase I – Class Certification Discovery"), including the requirements of numerosity, commonality, predominance and superiority. Phase I should be limited to evidence necessary to prove or disprove the elements of class certification as identified in Fed. R. Civ. P. Rule 23(a), including the Plaintiff's standing to pursue the asserted claims.

Non-class certification related discovery ("Phase II – Merits/Post Class Certification Discovery"), including identity of putative class members, expert and fact discovery concerning absent class members' claims, should be deferred until after the Court's ruling on class certification and class notice.

In the event that the motion to dismiss is denied, the parties should meet and confer, and file an Amended Joint Discovery Plan, including dates for the completion of discovery and other matters pursuant to Fed. R. Civ. P. 26(f)(3), within fourteen days (14) after an order is entered on the Court's ruling on the motion to dismiss. Initial pretrial disclosures will be due 14 days after the Amended Join Discovery Plan is filed. The Amended Joint Discovery Plan will incorporate the discovery deadlines as agreed to by the parties.

2. **Class Certification**

If the Court denies Wells Fargo's motion to dismiss, currently set for hearing on September 9, 2011, the Plaintiff will file her motion for class certification within 60 days of entry of an order denying the motion to dismiss.

3. **Expert Disclosures**

The Amended Joint Discovery Plan will incorporate the discovery deadlines as agreed to by the parties. This does not limit the ability of the parties to designate experts on issues other than class certification after class certification is decided, nor does this limit disclosure requirements or discovery concerning those experts on their merits opinions.

4. **Initial Disclosures**

The parties will provide initial disclosures under Rule 26(a)(1) ("Initial Disclosures") within 14 days after filing the Amended Joint Discovery Plan. Pursuant to Rule 26(a)(1)(C), Wells Fargo specifically objected to the exchange of Initial Disclosures at the Rule 26(f) conference between the parties held on August 10, 2011. Initial Disclosures and other discovery are not appropriate in this action until the Court rules on Wells Fargo's motion to dismiss, which has been fully briefed and is set for argument before the Court on September 9, 2011.

5. **Preservation of Discoverable Information**

Both parties understand the importance of preserving discoverable information. Based upon their current investigation, both parties believe they have taken reasonable steps to preserve all such information to the extent required by applicable law.

6. **Electronically Stored Information**

Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests and the information can be reasonably obtained. Documents produced in electronic form shall be produced in single page TIFF format, except for nonstandard file types such as databases and spreadsheets, which should be produced in native format unless it is unreasonably cumbersome or expensive to do so. If either party objects to the production of discovery in TIFF or native format, the parties agree to confer in good faith for an alternative method of production. The

Defendant preserves all rights under Rule 26(b)(2)(C).

7. **Claims of Privilege, Protection of Trial Material and Confidential Information**

Both parties anticipate that a Protective Order will be necessary in this matter to protect the confidentiality of the personal information of the named plaintiffs and the absent class members, as well as the confidential business records and practices of Wells Fargo. The parties will confer on such a Protective Order, which will include procedures for asserting claims of privilege or protection, and submit a proposed order, or alternative proposed orders, to the Court upon the exchange of initial disclosures and in accordance with the Local Rules of this Court.

8. **Serving and Filing Pleadings**

All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by e-mail all discovery requests, written responses, and any other papers that are not filed with the Court. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

9. **Magistrate Judge**

Wells Fargo does not consent to a trial before a United States Magistrate Judge.

10. **Settlement**

Discussions regarding settlement are premature pending Wells Fargo's motion to dismiss. If the motion to dismiss is denied, the parties agree to address settlement promptly.

**11.    Discovery Limitations**

Other than the discovery issues addressed elsewhere in this Proposed Discovery Plan, Wells Fargo does not currently anticipate needing to modify the discovery limitations provided by the Federal Rules of Civil Procedure.

**12.    Other Matters**

    a.    **Third-Party Subpoenas**: Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days.  Where re-production of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

    b.    **Discovery Requests**: The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in pdf format.

    c.    **Discovery Objections**: The parties will respond to discovery in compliance with Rule 26. Objections to discovery will be conducted pursuant to Local Rule 26(C).

    d.    **Amended Pleadings**: Wells Fargo believes the parties should abide by whatever deadlines set by the Court in the Rule 16(b) Scheduling Order and the rules governing amendment of pleadings as provided for by Fed. R. Civ. P 15.

    e.    **Jury Demand**: A jury trial has been demanded by Plaintiffs.  Wells Fargo does not believe the Plaintiff is entitled to a jury on the issues presented by the Amended Complaint.

ENTERED ____/_____/_____

_____

WE ASK FOR THIS:

/s/      Terry C. Frank                    
Hunter W. Sims Jr. (VSB No. 09218)
Terry C.  Frank (VSB No. 74890)
J. Bradley Reaves (VSB No. 71389)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3205
Facsimile:  (757) 624-3169
hwsims@kaufcan.com
tcfrank@kaufcan.com
jbreaves@kaufcan.com

Irene C. Freidel (*pro hac vice*)
Jennifer J. Nagle (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175
irene.freidel@klgates.com
jennifer.nagle@klgates.com

SEEN AND _____:

_____
Kristi Cahoon Kelly, Esquire (VSB No. 72791)
Surovall Isaacs Petersen & Levy, P.C.
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: kkelly@siplfirm.com

Susan Mary Rotkis
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: srotkis@clalegal.com

Leonard A. Bennett, Esquire (VSB No. 37523)
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: lenbennett@clalegal.com

Matthew J. Erausquin, Esquire (VSB No. 65434)
Consumer Litigation Associates, P.C.
1800 Diagnol Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7777
Facsimile: (888) 892-3512
E-mail: matt@clalegal.com

Dale W. Pittman, Esquire (VSB No. 15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
E-mail: dale@pittmanlawoffice.com

11256176_3.DOC