IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JULIA DESOGUGUA, on behalf of herself
and others similarly situated,
        Plaintiffs,

v.                             Civil Action No. 1:11CV188 (LO-JFA)

WELLS FARGO BANK, N.A., d/b/a
WELLS FARGO HOME MORTGAGE,

        Defendants.

**PLAINTIFF'S PROPOSED INITIAL DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Julia Desogugua, by counsel, ("Plaintiff") submits this Proposed Initial Discovery Plan.

**1.    Discovery Deadlines**

The Parties anticipate that this matter will present unique scheduling requirements because of its status as an alleged class action involving a putative nationwide class. Wells Fargo requests that discovery be conducted in phases in order to first resolve class certification issues. Plaintiff consents to such bifurcation. In the event all putative class claims are dismissed, the Parties shall confer within five days and submit a revised discovery plan to litigate the remaining individual claim(s).

Initial discovery will be limited to discovery about Plaintiff's individual claims and the class action requirements of Fed. R. Civ. P. 23 ("Phase I – Class Certification Discovery"), including the requirements of numerosity, commonality, predominance and superiority. Phase I should be limited to evidence necessary to prove or disprove the elements of class certification as identified in Fed. R. Civ. P. Rule 23(a), including the Plaintiff's standing to pursue the asserted claims.

Non-class certification related discovery ("Phase II – Merits/Post Class Certification Discovery"), including identity of putative class members, and expert and fact discovery concerning absent class members' claims, will be deferred until after the Court's ruling on class certification and class notice.

**2.    Class Certification**

If the Court denies Wells Fargo's motion to dismiss, currently set for hearing on September 9, 2011, the Plaintiff will file her motion for class certification within 90 days of entry of an order denying the motion to dismiss.

**3.    Initial Disclosures**

The parties will provide initial disclosures under Rule 26(a)(1) ("Initial Disclosures") within 14 days after a denial in whole or part of the Defendant's Motion to Dismiss.

**4.    Preservation of Discoverable Information**

Both parties understand the importance of preserving discoverable information. Based upon their current investigation, both parties believe they have taken reasonable steps to preserve all such information to the extent required by applicable law.

**5.    Electronically Stored Information**

Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests and the information can be reasonably obtained. Documents produced in electronic form shall be produced in single page TIFF format, except for nonstandard file types such as databases and spreadsheets, which should be produced in native format unless it is unreasonably cumbersome or expensive to do so. If either party objects to the production of discovery in TIFF or native format, the parties agree to confer in good faith for an alternative method of production. The Defendant preserves all rights under Rule 26(b)(2)(C).

2

6. **Claims of Privilege, Protection of Trial Material and Confidential Information**

Both parties anticipate that a Protective Order will be necessary in this matter to protect the confidentiality of the personal information of the named plaintiffs and the absent class members, as well as the confidential business records and practices of Wells Fargo.  The parties will confer on such a Protective Order, which will include procedures for asserting claims of privilege or protection, and submit a proposed order, or alternative proposed orders, to the Court upon the exchange of initial disclosures and in accordance with the Local Rules of this Court.

7. **Serving and Filing Pleadings**

All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service.  In addition, the parties agree that each has the option to serve by e-mail all discovery requests, written responses, and any other papers that are not filed with the Court.  The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file.  For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail.  If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

8. **Magistrate Judge**

Wells Fargo does not consent to a trial before a United States Magistrate Judge.

9. **Settlement**

Discussions regarding settlement are premature pending Wells Fargo's motion to dismiss.  If the motion to dismiss is denied, the parties agree to address settlement promptly.

10. **Discovery Limitations**

3

Other than the discovery issues addressed elsewhere in this Proposed Discovery Plan, Wells Fargo does not currently anticipate needing to modify the discovery limitations provided by the Federal Rules of Civil Procedure.

**11.     Other Matters**

> a.  **Third-Party Subpoenas**: Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days. Where re-production of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.
>
> b.  **Discovery Requests**: The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in pdf format.
>
> c.  **Discovery Objections**: The parties will respond to discovery in compliance with Rule 26. Objections to discovery will be conducted pursuant to Local Rule 26(C).
>
> d.  **Amended Pleadings**: Wells Fargo believes the parties should abide by whatever deadlines set by the Court in the Rule 16(b) Scheduling Order and the rules governing amendment of pleadings as provided for by Fed. R. Civ. P 15.
>
> e.  **Jury Demand**: A jury trial has been demanded by Plaintiffs. Wells Fargo does not believe the Plaintiff is entitled to a jury on the issues presented by the Amended Complaint.

ENTERED ____/_____/_____

(margin comment: Leonard Bennett 8/25/11 2:25 AM — Deleted: 2)

_____

WE ASK FOR THIS:

_____
Kristi Cahoon Kelly, Esquire (VSB No. 72791)
Surovall Isaacs Petersen & Levy, P.C.
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: kkelly@siplfirm.com

Susan Mary Rotkis
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: srotkis@clalegal.com

Leonard A. Bennett, Esquire (VSB No. 37523)
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: lenbennett@cox.net

Matthew J. Erausquin, Esquire (VSB No. 65434)
Consumer Litigation Associates, P.C.
1800 Diagnol Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7777
Facsimile: (888) 892-3512
E-mail: matt@clalegal.com

Dale W. Pittman, Esquire (VSB No. 15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
E-mail: dale@pittmanlawoffice.com

> Leonard Bennett 8/25/11 2:25 AM
> **Deleted:** Hunter W. Sims Jr. (VSB No. 092... [2]

SEEN AND _____:

Hunter W. Sims Jr. (VSB No. 09218)
Terry C.  Frank (VSB No. 74890)
J. Bradley Reaves (VSB No. 71389)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3205
Facsimile:  (757) 624-3169
hwsims@kaufcan.com
tcfrank@kaufcan.com
jbreaves@kaufcan.com

Irene C. Freidel (*pro hac vice*)
Jennifer J. Nagle (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175
irene.freidel@klgates.com
jennifer.nagle@klgates.com

> **Leonard Bennett 8/25/11 2:25 AM**
> **Deleted:** _____
> 11256176_3.DOC
>
> **Leonard Bennett 8/25/11 2:26 AM**
> **Deleted:** 11256176_3.DOC