**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JULIA DESOGUGUA, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      C.A. No. 1:11-cv-00188-LO-JFA |

**DEFENDANT WELLS FARGO BANK N.A.'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, hereby answers the First Amended Complaint ("FAC") brought by plaintiff Julia Desogugua ("plaintiff"), on behalf of herself and a purported class of others similarly situated.

Except as expressly admitted or denied hereon below, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the FAC.

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the FAC sets forth plaintiff's characterizations of this action to which no response is required.  To the extent that a further response may be required,

Wells Fargo denies the allegations and further states that the FAC speaks for itself as to its content.

2.      In response to Paragraph 2 of the FAC, Wells Fargo states that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., and therefore, Wells Fargo Home Mortgage is part of Wells Fargo Bank, NA. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2.

3.      Paragraph 3 of the FAC sets forth plaintiff's characterizations of this action to which no response is required.  To the extent that a further response may be required, Wells Fargo denies the allegations set forth in Paragraph 3.

4.      Wells Fargo denies the allegations set forth in Paragraph 4 of the FAC.

5.      In response to the allegations set forth in Paragraph 5 of the FAC, Wells Fargo states that 12 U.S.C. § 5211, Wells Fargo's SPA (and Amended SPA) with the U.S. Treasury, and HAMP guidelines speak for themselves as to their content.  Wells Fargo further states that it participated in the Troubled Asset Relief Program.  Wells Fargo denies the remaining allegations in Paragraph 5.

6.      In response to the allegations set forth in Paragraph 6 of the FAC, Wells Fargo admits that it is a participating servicer in HAMP and it provided plaintiff and other borrowers with Trial Period Plans in accordance with HAMP guidelines.  Wells Fargo denies the remaining allegations set forth in Paragraph 6.

7.      Wells Fargo denies the allegations set forth in Paragraph 7 of the FAC.

## JURISDICATION AND VENUE

8.      Paragraph 8 of the FAC sets forth legal conclusions to which no response is required.  To the extent that a further response may be required, Wells Fargo agrees that the Court has federal subject matter jurisdiction in this matter.

9.      Paragraph 9 of the FAC sets forth legal conclusions to which no response is required.  To the extent that a further response may be required, Wells Fargo agrees that the Court should exercise supplemental jurisdiction over the state law claims in this matter.

10.     Paragraph 10 of the FAC sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Wells Fargo agrees that the Court has diversity jurisdiction in this matter.

11.     Paragraph 11 of the FAC sets forth legal conclusions to which no response is required.  To the extent that a further response may be required, Wells Fargo does not oppose venue in this district.

## THE PARTIES

12.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 12 of the FAC. The second sentence of Paragraph 12 of the FAC sets forth legal conclusions to which no response is required.

13.     In response to the allegations in Paragraph 13 of the FAC, Wells Fargo admits that is authorized to conduct business in the Commonwealth of Virginia.  Wells Fargo admits that it is registered with the Virginia State Corporation Commission.  The

remaining allegations of Paragraph 13 set forth legal conclusions to which no response is required.

14.     In response to the allegations in Paragraph 14 of the FAC, Wells Fargo denies that Wells Fargo Home Mortgage is a wholly-owned subsidiary of Wells Fargo Bank, N.A.  Wells Fargo Home Mortgage is a division, and therefore a part, of Wells Fargo Bank, N.A.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of Paragraph 14.  The allegations in the second sentence of Paragraph 14 set forth legal conclusions to which no response is required.

15.     Wells Fargo denies the allegations set forth in Paragraph 15 of the FAC.   To the extent a further response may be required, Wells Fargo states that the SPA speaks for itself as to its content.

16.     In response to the allegations in Paragraph 16 of the FAC, Wells Fargo admits that it provided plaintiff with a Trial Period Plan.  Wells Fargo denies the remaining allegations set forth in Paragraph 16.

17.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the FAC.

<u>FACTUAL BACKGROUND</u>

*The Foreclosure Crisis*

18.      In response to the allegations set forth in the first sentence and footnote 2 of Paragraph 18 of the FAC, Wells Fargo states that the report of the Congressional Oversight Panel speaks for itself as to its content.  Wells Fargo is without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, third sentence, and footnote 3 of Paragraph 18 of the FAC.  To the extent that a further response may be required, Wells Fargo states that the content at realtytrac.com speaks for itself as to its content.

19.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the FAC.

### Creation of the Home Affordable Modification Program

20.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the FAC, that is, that Congress was "[m]otivated in significant part" by aforementioned allegations in the FAC.  As further response to the allegations set forth in Paragraph 20 of the FAC is required, Wells Fargo states that the 12 U.S.C. §§ 5201, *et seq.* (2009) speaks for itself as to its content.

21.     In response to the allegations set forth in Paragraph 21 of the FAC, Wells Fargo states that 12 U.S.C. § 5201 speaks for itself as to its content.

22.     In response to the allegations set forth in Paragraph 22 of the FAC, Wells Fargo states that 12 U.S.C. §§ 5211, 5213, and 5219 speaks for themselves as to their content.

23.     Upon information and belief, Wells Fargo admits that the U.S. Treasury created HAMP in 2009, and that the guidelines, rules, and regulations issued by the U.S. Treasury in connection with HAMP speak for themselves as to their content.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23.

24.     The guidelines, rules, and regulations that comprise HAMP speak for themselves as to their content.  In further answering, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the FAC.

25.     The guidelines, rules, and regulations that comprise HAMP speak for themselves as to their content.  In further answering, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the FAC.

### *Wells Fargo's Broken Promises Under HAMP*

26.     Paragraph 26 of the FAC includes legal conclusions to which no response is required.  In further answering, Wells Fargo states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     Wells Fargo admits the allegations set forth in Paragraph 27 of the FAC.

28.     In response to the allegations set forth in Paragraph 28 of the FAC, Wells Fargo states that the SPA and Amended SPA speaks for themselves as to their content.

29.     In response to the allegations set forth in Paragraph 29 of the FAC, Wells Fargo states that the SPA and Amended SPA speak for themselves as to their content.

30.     In response to the allegations set forth in Paragraph 30 of the FAC, including footnote 6, Wells Fargo states that HAMP guidelines, rules, and regulations speak for themselves as to their content.

31.     In response to the allegations set forth in Paragraph 31 of the FAC, Wells Fargo states that HAMP guidelines, rules, and regulations speak for themselves as to their content.  To the extent that a further response may be required, Wells Fargo denies the allegations set forth in Paragraph 31.

32.      In response to the allegations set forth in Paragraph 32 of the FAC, Wells Fargo states that HAMP guidelines, rules, and regulations speak for themselves as to their content.  To the extent that a further response may be required, Wells Fargo denies the allegations set forth in Paragraph 32.

33.     In response to the allegations in Paragraph 33 of the FAC, Wells Fargo states that HAMP guidelines, rules, and regulations speak for themselves as to their content.  To the extent that a further response may be required, Wells Fargo denies the allegations set forth in Paragraph 33.

34.     Wells Fargo denies the allegations set forth in Paragraph 34.  In further answering, Wells Fargo states that the Treasury Report speaks for itself as to its content.

35.     Wells Fargo denies the allegations set forth in Paragraph 35.

### *Factual Allegations as to Ms. Desogugua*

36.     In response to the allegations set forth in Paragraph 36 of the FAC, Wells Fargo states that plaintiff's mortgage and note speak for themselves as to their content.  To the extent that a further response may be required, Wells Fargo admits the allegations in Paragraph 36.

37.      In response to the allegations set forth in Paragraph 37 of the FAC, Wells Fargo states that plaintiff's note, attached as Exhibit 7 to the FAC, speaks for itself as to its content.

38.      In response to the allegations set forth in Paragraph 38 of the FAC, Wells Fargo states that plaintiff's note speaks for itself as to its content.  To the extent that a further response may be required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the FAC.

39.      In response to the allegations set forth in Paragraph 39 of the FAC, Wells Fargo states that plaintiff's Deed of Trust speaks for itself as to its content.

40.      Wells Fargo denies the allegations set forth in Paragraph 40 of the FAC.

41.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the FAC.

42.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 of the FAC.  In further answering, Wells Fargo admits that it communicated with plaintiff regarding her imminent default.

### *Ms. Desogugua Enters HAMP Through Wells Fargo*

43.      Wells Fargo admits that plaintiff communicated with Wells Fargo regarding her eligibility for a HAMP TPP.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the FAC.

44.     Wells Fargo admits that plaintiff communicated with Wells Fargo regarding her eligibility for a HAMP TPP.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 44 of the FAC.

45.     Wells Fargo denies the allegations set forth in Paragraph 45 of the FAC.

46.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the FAC.

47.     Wells Fargo denies the allegations set forth in Paragraph 47 of the FAC.

48.     Wells Fargo states that the documents attached as Exhibit 10 to the Complaint, the TPP, and 4506-T form, speak for themselves as to their content.  Wells Fargo otherwise denies the allegations in Paragraph 48 of the FAC.

49.     In response to the allegations set forth in Paragraph 49 of the FAC, Wells Fargo states that the TPP speaks for itself as to its content.  Wells Fargo otherwise denies the allegations in Paragraph 49.

50.     In response to the allegations set forth in Paragraph 50 of the FAC, Wells Fargo states that the TPP speaks for itself as to its content.

51.     In response to the allegations set forth in Paragraph 51 of the FAC, Wells Fargo states that the TPP and related correspondence speaks for themselves as to their content.

52.     Wells Fargo is without knowledge or information sufficient to form a belief as to the date that the payment was deducted from plaintiff's checking account, but it otherwise admits the allegations set forth in Paragraph 52 of the FAC.

53.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the FAC, except Wells Fargo admits that plaintiff made her February and March TPP payments to Wells Fargo.

### *Wells Fargo Fails to Follow HAMP*

54.     Wells Fargo admits that it needed documentation from plaintiff in order to complete a HAMP determination, and that it sent plaintiff correspondence requesting such information. Wells Fargo further states that the correspondence it sent to plaintiff speaks for itself as to its content. Wells Fargo denies the remaining allegations in Paragraph 54 of the FAC.

55.     Wells Fargo denies the allegations set forth in Paragraph 55 of the FAC.

56.     Wells Fargo admits that plaintiff made a payment to Wells Fargo in April 2010. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the FAC.

57.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the FAC.

58.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the FAC.

59.     Wells Fargo admits that plaintiff made a payment to Wells Fargo in May 2010. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the FAC.

60.     Wells Fargo admits the allegations in Paragraph 60 of the FAC, and further states that the letter attached as Exhibit 11 to the Complaint speaks for itself as to its content.

61.     In response to the allegations set forth in Paragraph 61 of the FAC, Wells Fargo states that the letter attached as Exhibit 11 to the Complaint speaks for itself as to its content.

62.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the FAC.   As to footnote 9, Wells Fargo states that HAMP guidelines speak for themselves as to their content.

63.     Wells Fargo admits that plaintiff communicated with Wells Fargo regarding obtaining a loan modification.  Wells Fargo further states that correspondence that it sent to plaintiff speaks for itself as to its content.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of the FAC.

64.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the FAC.

### *Wells Fargo Sends Notices of Default*

65.     In response to the allegations set forth in Paragraph 65 of the FAC, Wells Fargo states that the document attached as Exhibit 12 to the Complaint speaks for itself as to its content.

66.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the FAC.

67.     In response to the allegations set forth in Paragraph 67 of the FAC, Wells Fargo states that the letter attached as Exhibit 12 to the Complaint speaks for itself as to its content.  Wells Fargo otherwise denies the allegations in Paragraph 67.

68.     Wells Fargo admits that, in June 2010, plaintiff made a payment to Wells Fargo in the amount of $2,399.46.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 68 of the FAC.

69.     In response to the allegations set forth in Paragraph 69 of the FAC, Wells Fargo states that the letter attached as Exhibit 13 to the Complaint speaks for itself as to its content.

70.     In response to the allegations set forth in Paragraph 70 of the FAC, Wells Fargo states that the letter attached as Exhibit 13 to the Complaint speaks for itself as to its content.  Wells Fargo otherwise denies the allegations in Paragraph 70.

71.     In response to the allegations set forth in Paragraph 71 of the FAC, Wells Fargo states that the letter attached as Exhibit 13 to the Complaint speaks for itself as to its content.  To the extent that a further response may be required, Wells Fargo denies the allegations set forth in Paragraph 71.

72.     Wells Fargo admits that plaintiff was in default on her mortgage loan.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 72 of the FAC.

73.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the FAC.

74.     In response to the allegations set forth in Paragraph 74 of the FAC, Wells Fargo states that the referenced letter, which is not attached to the FAC, speaks for itself as to its content.

75.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the FAC.

76.     Wells Fargo admits the allegations in Paragraph 76 of the FAC and states further that the referenced correspondence sent by Wells Fargo to plaintiff, which is not attached as an exhibit to the FAC, speaks for itself as to its content.

77.     In response to the allegations set forth in Paragraph 77 of the FAC, Wells Fargo states that the referenced correspondence sent by Wells Fargo to plaintiff, which is not attached as an exhibit to the FAC, speaks for itself as to its content.

78.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the FAC.

79.     Wells Fargo admits the allegations in Paragraph 76 of the FAC and states further that the referenced correspondence sent by Wells Fargo to plaintiff, which is not attached as an exhibit to the FAC, speaks for itself as to its content.

### *Wells Fargo Forecloses on Ms. Desogugua's Home*

80.     In response to the allegations set forth in Paragraph 80 of the FAC, Wells Fargo states that the referenced letter, which is not attached as an exhibit to the FAC, speaks for itself as to its content.  In further response, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the FAC.

81.     Wells Fargo admits the allegations in Paragraph 81 of the FAC.

82.     In response to the allegations set forth in Paragraph 82 of the FAC, Wells Fargo states that the Notice to Vacate, which is not attached as an exhibit to the FAC, speaks

for itself as to its content.  In further response, Wells Fargo is without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 82 of the FAC.

83.     In response to the allegations in Paragraph 83 of the FAC, Wells Fargo states that

plaintiff has been determined ineligible for a permanent HAMP modification.  Wells

Fargo denies the remaining allegations in Paragraph 83.

84.     In response to the allegations in Paragraph 84 of the FAC, Wells Fargo admits

that it continued to communicate with plaintiff regarding her eligibility for a permanent

HAMP modification, and that plaintiff submitted documents to Wells Fargo in

connection with the review process.  Wells Fargo is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 84 of the FAC.

85.     In response to the allegations in Paragraph 85 of the FAC, Wells Fargo admits,

upon information and belief, that an unlawful detainer action is pending against

plaintiff.  Wells Fargo is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations set forth in Paragraph 85 of the FAC.

86.     Wells Fargo is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in Paragraph 86 of the FAC.

87.     Paragraph 87 of the FAC sets forth legal conclusions to which no response is

required.  To the extent that a further response may be required, Wells Fargo denies the

allegations set forth in Paragraph 87 of the FAC.

**COUNT ONE: VIOALTION OF THE EQUAL CREDIT OPPORTUNITY ACT**
**15 U.S.C. § 1691(d) and Virginia Code Ann. § 6.2-500, et seq**

88.     Wells Fargo incorporates by reference its responses to Paragraph 1 through Paragraph 87 of the FAC.

89.     Paragraph 89 of the FAC consists of plaintiff's class definition to which no response is required.  To the extent a further response is required, Wells Fargo denies that the putative class meets the requirements for certification pursuant to Rule 23.

90.     Wells Fargo denies the allegations set forth in Paragraph 90 of the FAC.

91.     Wells Fargo denies the allegations set forth in Paragraph 91 of the FAC.

92.     Wells Fargo denies the allegations set forth in Paragraph 92 of the FAC.

93.     Wells Fargo denies the allegations set forth in Paragraph 93 of the FAC.

94.     Wells Fargo denies the allegations set forth in Paragraph 94 of the FAC.

95.     Wells Fargo denies the allegations set forth in Paragraph 95 of the FAC.

96.     Wells Fargo denies the allegations set forth in Paragraph 96 of the FAC.

97.     Wells Fargo denies the allegations set forth in Paragraph 97 of the FAC.

98.     Wells Fargo denies the allegations set forth in Paragraph 98 of the FAC.

99.     Wells Fargo denies the allegations set forth in Paragraph 99 of the FAC.

100.    Wells Fargo denies the allegations set forth in Paragraph 100 of the FAC.

101.    Wells Fargo denies that plaintiff or the putative class is entitled to the relief sought in Paragraph 101 of the FAC.

## COUNT TWO: BREACH OF CONTRACT FOR BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING

102.     Wells Fargo incorporates by reference its responses to Paragraph 1 through Paragraph 101 of the FAC.

103.     Paragraph 103 of the FAC consists of legal conclusions to which no response is required.

104.     Wells Fargo denies the allegations set forth in Paragraph 104 of the FAC.

105.     Wells Fargo denies the allegations set forth in Paragraph 105 of the FAC.

106.     Wells Fargo denies the allegations set forth in Paragraph 106 of the FAC.

107.     Wells Fargo denies the allegations set forth in Paragraph 107 of the FAC.

108.     Wells Fargo denies the allegations set forth in Paragraph 108 of the FAC.

109.     Wells Fargo denies that plaintiff is entitled to the relief requested in Paragraph 109 of the FAC.

## COUNT THREE: ACTION TO SET ASIDE THE FORECLOSURE SALE FOR BREACH OF CONTRACT

110.     Wells Fargo incorporates by reference its responses to Paragraph 1 through Paragraph 109 of the FAC.

111.     In response to the allegations set forth in Paragraph 111 of the FAC, Wells Fargo states that plaintiff's Deed of Trust speaks for itself as to its content.

112.     Wells Fargo denies the allegations set forth in Paragraph 112 of the FAC.

113.     Wells Fargo denies the allegations set forth in Paragraph 113 of the FAC.

114.     Wells Fargo denies the allegations set forth in Paragraph 114 of the FAC.

115.     Wells Fargo denies the allegations set forth in Paragraph 115 of the FAC.

116.    Wells Fargo denies that plaintiff is entitled to the relief requested in Paragraph 116 of the FAC.

## CONCLUSION

Wells Fargo denies that plaintiff is entitled to the relief requested in Paragraphs 1 through 8 set forth therein.  Wells Fargo further denies that plaintiff is entitled to a jury trial on all issues.

## AFFIRMATIVE DEFENSES

### First Defense

The FAC fails to state a claim upon which relief can be granted against Wells Fargo.

### Second Defense

Plaintiff's claims are barred, in whole or in part, because she has not suffered any damages or ascertainable loss.

### Third Defense

Plaintiff's state law claims are barred by plaintiff's binding, voluntary agreement to the terms and conditions of the loan at issue.

### Fourth Defense

Plaintiff's state law claims are barred by the voluntary payment doctrine.

### Fifth Defense

Plaintiff's state law claims are barred by the doctrines of waiver, estoppel, and ratification.

### Sixth Defense

Plaintiff's state law claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

## Seventh Defense

Plaintiff's claims are barred by her failure to mitigate damages.

## Eighth Defense

Plaintiff's claims are barred because, among other reasons, plaintiff consented to and approved of the conduct and terms that form the basis for her alleged claims.

## Ninth Defense

Wells Fargo has, at all times relevant to this action, complied with all applicable laws and regulations governing the conduct of its business.

## Tenth Defense

Count Two is barred due to lack of consideration.

## Eleventh Defense

Any alleged violation by Wells Fargo was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## Twelfth Defense

Plaintiff's state law claims are barred by application of the doctrine of unclean hands.

## Thirteenth Defense

Plaintiff's state law claims are barred because plaintiff failed to satisfy the necessary conditions contained in the Note and Deed of Trust.

## Fourteenth Defense

Plaintiff's state law claims are barred because plaintiff failed to perform all duties and obligations under the Note and Deed of Trust.

## Fifteenth Defense

Plaintiff's claims are barred because any damages incurred by plaintiff were a direct and proximate result of acts, omissions, negligence or other culpable conduct of plaintiff or third parties not within the knowledge or control of Wells Fargo, for which acts or omissions Wells Fargo is not responsible.

## Sixteenth Defense

Plaintiff's state law claims are barred by the terms and conditions of her mortgage and note.

## Seventeenth Defense

The claims in the FAC are subject to set-off of all sums due and owing by plaintiff.

## Eighteenth Defense

Count Two is barred because plaintiff is not a third-party beneficiary of Wells Fargo's Amended SPA with the United States.

## Nineteenth Defense

Plaintiff's state law claims are barred, in whole or in part, because any alleged acts or failures to act on the part of Wells Fargo were excused by the actions of plaintiff.

## Twentieth Defense

Count One is barred, in whole or in part, by the defenses available under ECOA, and by any additional defenses provided for in the implementing regulations or commentary under ECOA.  Wells Fargo reserves the right to rely on any or all of those defenses.

### Twenty-first Defense

Plaintiff's state law claims are barred, in whole or in part, because plaintiff expressly, ostensibly, or implicitly authorized or ratified the transactions, acts, and omissions at issue.

### Twenty-second Defense

Plaintiff's state law claims are barred by the doctrine of estoppel and/or estoppel by contract.

### Twenty-third Defense

Counts One and Two are barred because Wells Fargo complied at all times with the guidelines, rules, and directives issued by the U.S. Treasury under HAMP.

### Twenty-fourth Defense

Wells Fargo is not liable for any claims by plaintiff because its conduct at all times was in good faith and complied with all applicable contracts, covenants, laws, rules, regulations, standards, and statutes, including, but not limited to, 15 U.S.C. § 1691e(e).

### Twenty-fifth Defense

Count Two is barred and preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, *et seq.*, and its implementing regulations, including 12 C.F.R. § 560.2.

### Twenty-sixth Defense

Count Two is barred by the doctrine of conflict preemption.

### Twenty-seventh Defense

The FAC and each of the causes of action are barred, in whole or in part, because any alleged acts or omissions by Wells Fargo that gave rise to plaintiff's alleged claims are justified by a legitimate business consideration, justification, or necessity, or other legitimate non-discriminatory reason.

### Twenty-eighth Defense

Count One is barred due to lack of standing.

### Twenty-ninth Defense

Count Two is barred by the doctrine of first in material breach.

### Thirtieth Defense

The claims of the putative class are barred for some or all of the reasons that bar plaintiff's claims.

### Thirty-first Defense

Wells Fargo hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and herby reserves its right to amend the Answer and assert such defenses.

**WHEREFORE**, defendant Wells Fargo Bank, N.A. respectfully requests that the Court:

i.   Enter judgment in Wells Fargo's favor on all counts of the FAC;

ii.  Dismiss the FAC with prejudice;

iii.  Award Wells Fargo its costs and expenses, including attorneys' fees, incurred in

this action; and

iv.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,


WELLS FARGO BANK, N.A., d/b/a
WELLS FARGO HOME MORTGAGE


By its attorneys,

*/s/ Terry C. Frank*
Hunter W. Sims Jr. (VSB No. 09218)
Terry C.  Frank (VSB No. 74890)
J. Bradley Reaves (VSB No. 71389)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3205
Facsimile:  (757) 624-3169
hwsims@kaufcan.com
tcfrank@kaufcan.com
jbreaves@kaufcan.com


Irene C. Freidel (*pro hac vice*)
Jennifer J. Nagle (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175
irene.freidel@klgates.com
jennifer.nagle@klgates.com

September 26, 2011                    *Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly, Esquire (VSB No. 72791)
J. Chapman Petersen, Esquire (VSB No. 37225)
Scott A. Surovall, Esquire (VSB No. 40278)
Surovall Isaacs Petersen & Levy, P.C.
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: kkelly@siplfirm.com

Susan Mary Rotkis  (VSB No. 40693)
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: lenbennett@clalegal.com

And I will mail copies of the foregoing by first class mail to the following:

J. Chapman Petersen, Esquire (VSB No. 37225)
Scott A. Surovall, Esquire (VSB No. 40278)
Surovall Isaacs Petersen & Levy, P.C.
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: kkelly@siplfirm.com

Matthew J. Erausquin, Esquire (VSB No. 65434)
Consumer Litigation Associates, P.C.
1800 Diagnol Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7777
Facsimile: (888) 892-3512
E-mail: matt@clalegal.com

Leonard A. Bennett, Esquire (VSB No. 37523)
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: lenbennett@clalegal.com

Dale W. Pittman, Esquire (VSB No. 15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
E-mail: dale@pittmanlawoffice.com

/s/ *Terry C. Frank*
Terry C.  Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3205
Facsimile:  (757) 624-3169
tcfrank@kaufcan.com

*Attorney for Defendant Wells Fargo Bank, N.A*